IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:10-CR-15-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARYL LEE GODETTE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

On September 7, 2010, pursuant to a plea agreement [D.E. 47], Daryl Lee Godette, Jr., ("Godette") pleaded guilty to conspiracy to possess with intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine in violation of 21 U.S.C. § 846. See [D.E. 47] 4; [D.E. 59] 1. On December 15, 2010, the court held Godette's sentencing hearing. See [D.E. 58]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 59]; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Godette's total offense level to be 29, his criminal history category to be V, and his advisory guideline range to be 140 to 175 months. See [D.E. 59]; Resentencing Report. The court then granted the government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). See [D.E. 54]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Godette to 90 months' imprisonment. See [D.E. 59].

On January 20, 2015, Godette moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 78]. On August 12, 2015, Godette filed a memorandum in support of his motion [D.E. 79]. Godette's new advisory guideline range is 120 to 150 months' imprisonment, based on a total offense level of 27 and a criminal history category of V. See Resentencing Report. Godette requests a 77-month sentence. See [D.E. 78].

The court has discretion to reduce Godette's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Godette's sentence, the court finds that Godette engaged in serious criminal behavior. See PSR ¶¶ 10–13. Godette is also a violent, recidivist drug dealer with a propensity to possess a firearm. See id. ¶¶ 16, 21, 22–24. Moreover, Godette has performed poorly on supervision and has a spotty work history. See id. ¶¶ 15, 19, 37–43. Finally, Godette has been sanctioned for fighting while incarcerated on his federal sentence, but has taken some positive steps while incarcerated on his federal sentence. See [D.E. 79] 5–8.

Having reviewed the entire record and all relevant policy statements, the court finds that Godette received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Godette's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Godette's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Godette's motion for reduction of sentence [D.E. 78].

SO ORDERED. This 14 day of November 2016.

JAMES C. DEVER III
Chief United States District Judge

2